SCPW-20-0000509

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

IN THE MATTER OF INDIVIDUALS IN CUSTODY
OF THE STATE OF HAWAI'I

---

ORIGINAL PROCEEDING

<u>INTERIM ORDER</u>
(By: Recktenwald, C.J., Nakayama, and McKenna, JJ.,
and Chief Judge Ginoza, assigned by reason of vacancy, with
Wilson, J., dissenting[1])

On August 12, 2020, the Office of the Public Defender ("OPD") filed a petition for extraordinary writ pursuant to HRS §§ 602-4, 602-5(5), and 602-5(6) and/or a writ of mandamus ("Petition"). The Petition seeks, among other things, a reduction of the inmate populations at the State's correctional centers and facilities in an effort to mitigate the harm that the COVID-19 pandemic may inflict upon the inmates, the correctional staff, and the people of Hawai'i. In this regard, the Petition seeks the expedited release of certain categories of inmates from the State's correctional centers and facilities,

---

[1]     A dissent by Wilson, J., is forthcoming.

without the filing and hearing of individualized motions for release.  At the time the petition was filed, it was reported that more than 80 inmates and at least twelve staff members had tested positive for COVID-19 at the Oʻahu Community Correctional Center ("OCCC").

By order entered on August 13, 2020, this court directed the Department of Public Safety ("DPS") and Dwight Nadamoto, the Prosecuting Attorney for the City and County of Honolulu ("Prosecuting Attorney Nadamoto"), to file an answer to the Petition solely with respect to OCCC.  In the answer, DPS and Prosecuting Attorney Nadamoto were to address the process that should be implemented to facilitate the release of the category of defendants requested in the Petition, should the court allow for such release, including:  the COVID-19 screening process; the mechanism for providing the COVID-19 testing information to the court for each defendant identified for release; how positive, negative, and pending test results should be handled; the expected time frame to effectuate these steps; and any other issues that may be implicated by the requested release.  DPS and Prosecuting Attorney Nadamoto timely answered.

On August 14, 2020, this court held a hearing to address the Petition and the COVID-19 situation at OCCC. Appearing at the hearing were:  Susan Arnett on behalf of the OPD; Clare Connors on behalf of DPS, along with DPS Director

2

Nolan P. Espinda; and Prosecuting Attorney Nadamoto. The OPD advocated for the immediate release of a certain category of non-violent defendants. Prosecuting Attorney Nadamoto expressed that individualized assessments should be conducted for any inmate considered for release. DPS explained, among other things, the status of its inmate COVID-19 testing process and the Department of Health's assistance in addressing the surge in COVID-19 positive inmates at OCCC.

The COVID-19 pandemic has caused a public health emergency. Since July 2020, Hawai'i has seen a surge of COVID-19 cases in Hawai'i, with record numbers of positive cases and increased hospitalizations being reported. This court recognizes the impact of COVID-19 on Hawai'i's community correctional centers and facilities. This court also recognizes public safety concerns regarding the release of inmates at OCCC into the community. Responding to the impact of this crisis in our community correctional centers and facilities requires a careful consideration of interests, both for public health and public safety.

Given the rising number of COVID-19 cases at OCCC and the difficulties with social distancing, there is urgent and immediate concern in reducing the inmate populations at OCCC to protect those who work at or are detained at OCCC, their families, and the community. The immediacy of this concern is

3

also exacerbated in that the rising numbers of COVID-19 cases at OCCC will tax the limited resources of community health care providers, including hospital beds, ventilators, and personal protective equipment, and will also require the expenditure of additional resources to provide constitutionally mandated medical care.

At this time, additional information is necessary to assist the court and the parties in addressing the public health and safety concerns raised by the cluster of COVID-19 cases at OCCC and the Petition's request for relief.

Accordingly, upon consideration of the submissions and record in SCPW-20-0000509, the arguments presented at the hearing, and the current state of COVID-19 positive test results in our community, including at OCCC, and pursuant to this court's authority under Hawaiʻi Revised Statutes ("HRS") §§ 602-5(3) & (6) and § 706-625,

IT IS HEREBY ORDERED that:

1. No later than 12:00 p.m. on Monday, August 17, 2020, DPS shall provide to the OPD, Prosecutor Nadamoto, and the Administrative Director of the Courts a list of all inmates at OCCC who meet the following criteria:

   a. Inmates serving a sentence (not to exceed 18 months) as a condition of felony deferral or probation except for (i) inmates serving a

4

term of imprisonment for a sexual assault conviction or an attempted sexual assault conviction; or (ii) inmates serving a term of imprisonment for any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), and unauthorized entry in a dwelling in the first degree and in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

b.  Inmates serving sentences for misdemeanor or petty misdemeanor convictions except those convicted of abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), or violation of a restraining order or injunction (HRS § 604-10.5);

c.  All pretrial detainees charged with a petty

misdemeanor or a misdemeanor offense, except those charged with abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), or violation of a restraining order or injunction (HRS § 604-10.5); and

d. All pretrial detainees charged with a felony, except those charged with a sexual assault or an attempted sexual assault, any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), and unauthorized entry in a dwelling in the first degree and in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

2. To the extent possible, the list shall include the following information:

6

a. The inmate's name;

b. All criminal case numbers for which the inmate is held;

c. The inmate's status (e.g., pretrial felon, sentenced felony probationer, pretrial misdemeanant, petty misdemeanant, etc.); and

d. The name(s) of the trial or sentencing judge(s), if available.

3. No later than 12:00 p.m. on Monday, August 17, 2020, DPS shall also provide to the OPD, Prosecuting Attorney Nadamoto, and the Administrative Director of the Courts (for use by judges and court personnel) a list of all inmates at OCCC who have been tested, the dates of the tests, and the test results. These lists shall be confidential. Updated lists shall be provided daily.

4. This court reserves its authority to order other measures based on changed circumstances.

5. This order does not affect DPS's authority under the law to release inmates on its own accord.

DATED: Honolulu, Hawaiʻi, August 14, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Lisa M. Ginoza



7